### BURKE v. NEW YORK CENT. & H. R. R. Co.

*(Supreme Court, General Term, First Department.* November 18, 1892.)

RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS—FORMER ACCIDENTS.

In an action to recover for the death of plaintiff's intestate, by reason of the negligence of defendant's engineer in failing to make signals as his train approached the crossing at which such person was killed, evidence that others had been killed at such crossing is incompetent, as such a fact could afford no presumption as to whether defendant's servant was negligent in the case at bar.

Appeal from circuit court, New York county.

Action by Thomas F. Burke, as administrator, against the New York Central & Hudson River Railroad Company, to recover damages for the death of plaintiff's intestate, caused by the negligence of defendant's servant in not giving signals as his train approached a crossing. From judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and LAWRENCE, J.

*Frank Loomis,* (*D. W. Tears,* of counsel,) for appellant. *W. Bourke Cockran* and *Wales F. Severance,* for respondents.

VAN BRUNT, P. J. This action was brought to recover $5,000 damages alleged to have accrued to the plaintiff and his sister from the death of their mother, Joanna Burke, alleged to have been caused by reason of the striking of Mrs. Burke by one of the defendant's passenger trains, injuring her so that she died. The evidence shows that the deceased had lived ever since the road was built upon the east side thereof, and upon the evening upon which the accident happened she had left her house, crossed the railroad, and gone towards a saloon on the opposite side of the track, some distance to the south, and upon her return one witness testified that he saw her going along the highway on the west side of the track, and when she got within one step

of the track she put her head forwards, and looked both ways, up and down, and then took one step, and when she was between the rails was hit by the engine. It further appears that the saloon spoken of was about 171 feet from the railroad, and that to a person on the highway an approaching train would become visible while a person was 30 to 35 feet from the nearest rail, and the train between 500 and 600 feet distant, and would remain visible while such person or train, or both, traversed the respective intervening distances. Some of the witnesses for the plaintiff testified that the bell was not rung, nor the whistle blown, and that the train was running rapidly, and the crossing was unguarded, although it appeared that there was a city ordinance requiring the crossing to be guarded by men and gates at all times. The defendants offered testimony tending to show that the train was not running rapidly, that the headlight was lit and bright, and that the bell was rung. The jury found a verdict in favor of the plaintiff, and from the judgment thereupon entered, and from the order denying motion for a new trial, this appeal is taken. It does not appear necessary, in the disposition of this appeal, to attempt to harmonize the various and diverse decisions of the court of last resort in cases of this description; and therefore we will not consider the various cases to which our attention has been called, seeming to establish upon the one side that no recovery could possibly be had in this action under the circumstances above mentioned, and upon the other that the questions of the defendant's negligence, and the deceased's want of contributory negligence, were properly left to the jury. Neither is it necessary for us to consider the exception to the propositions of law charged by the court at the request of the plaintiff, some of which seem to have been open to criticism; but in consequence of the general character of the exception upon the part of the defendant, we do not think that any questions as to them are presented to us for review.

The court, however, erred in permitting one of the witnesses for the plaintiff to testify, against the defendant's objections and exception, that he had known of other persons being killed at that crossing. It is true that the court stated that the testimony was allowed for the purpose of showing notice brought, to the company that a similar accident had occurred at that place. But this in no manner remedied the evil. The crossing at which this accident happened was an ordinary highway crossing of a double-track road, and the determination of the question of the defendant's negligence in running its train, or the negligence of the deceased in contributing to the accident, could not in any way be aided by evidence of this character. There is a class of cases where such evidence is admissible. But they all relate to some defects of structure, which defects were brought to notice by reason of the happening of accidents resulting from such defects; and it has been held in those cases that such evidence was competent for the purpose of bringing home to the common carrier notice that the structure, although apparently safe, was in reality insecure and improper for the transportation and protection of passengers. In the case at bar the question was as to the negligence of the defendant in the running of its train, and in the omission of the ordinary signals which a person crossing the railway is entitled to expect will be given of the approach of a train; and whether these precautions had been taken at other times, or whether some one person at some other time had by his own negligence met his death, was a matter of no importance in the consideration of the questions to be investigated upon the trial of the case at bar. We think, therefore, that for the error to which attention has been called, the judgment and order should be reversed, and new trial ordered, with costs to appellant to abide event.